# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Antonio Collins,**
**Petitioner Below, Petitioner**

**vs.) No. 19-1027** (Kanawha County 19-P-252)

**Charles Williams, Superintendent,**
**Huttonsville Correctional Center,**
**Respondent Below, Respondent**

**FILED**

**February 2, 2021**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Self-represented petitioner Antonio Collins appeals the October 9, 2019, order of the Circuit Court of Kanawha County dismissing without prejudice his instant petition for a writ of habeas corpus. Respondent Charles Williams, Superintendent, Huttonsville Correctional Center, by counsel Andrea Nease Proper, filed a summary response in support of the circuit court's order. Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In April of 2013, petitioner was involved in a confrontation in a 7-11 convenience store where he shot and wounded two individuals. Petitioner states that his actions were "provoked." On October 28, 2013, pursuant to a plea agreement with the State, petitioner pled guilty to two counts of attempted murder and two counts of malicious wounding as set forth in the indictment filed in Case No. 13-F-304 and to a recidivist information filed in Case No. 13-F-441(I) charging him with being once before convicted of a felony pursuant to West Virginia Code § 61-11-18(a)

1

(2000).[1] On December 12, 2013, following the entry of petitioner's guilty pleas, the circuit court sentenced him to two to ten years of incarceration for each of his malicious wounding convictions and three to fifteen years of incarceration for one of his attempted murder convictions. For petitioner's other attempted murder conviction, the circuit court enhanced petitioner's sentence pursuant to West Virginia Code § 61-11-18(a) (2000) and imposed a term of six to fifteen years of incarceration.[2] The circuit court further ordered that petitioner would serve his sentences consecutively. Petitioner did not appeal the circuit court's December 12, 2013, sentencing order.

On May 13, 2016, petitioner filed a petition for a writ of habeas corpus in the circuit court, alleging violation of double jeopardy principles, erroneous information in the presentence investigation report, failure to file a criminal appeal, and ineffective assistance of trial counsel. By order entered on May 19, 2016, the circuit court denied the petition, finding that the allegations therein failed to provide "good cause" for a hearing.[3]

On November 7, 2018, petitioner filed a second habeas petition in the circuit court, alleging that his sentence was excessive and that trial counsel was ineffective. By order entered on April 25, 2019, the circuit court denied the petition, once again finding that the allegations therein failed to provide "good cause" for a hearing. Petitioner appealed the circuit court's April 25, 2019, order in *Collins v. Searls*, No. 19-0491, 2020 WL 5588609 (W. Va. September 18, 2020) (memorandum decision), and this Court affirmed the denial of the second petition.

On June 28, 2019, petitioner filed the instant habeas petition alleging that numerous provisions of the United States and West Virginia Constitutions, such as the Due Process Clause and the Double Jeopardy Clause, were violated in the underlying criminal case. By order entered on October 9, 2019, the court dismissed the petition "without prejudice" given the lack of "adequate factual support" for petitioner's claims.

---

[1]The West Virginia Habitual Offender Act ("Act"), West Virginia Code §§ 61-11-18 and 61-11-19, was amended, effective June 5, 2020. *See* 2020 W. Va. Acts ch. 88. The 2000 version of the Act applies to this case. At the time of the April of 2013 incident, petitioner had prior convictions for malicious wounding and robbery from 2001 and a firearms conviction from 2009. Consequently, by accepting the plea agreement, petitioner avoided the application of West Virginia Code § 61-11-18(c) (2000), which provided for a life recidivist sentence for persons "twice before" convicted of a felony.

[2]Given that the sentence for attempted murder is an indeterminate term of three to fifteen years of incarceration, West Virginia Code § 61-11-18(a) (2000) provided that "the minimum term shall be twice the term of years otherwise provided for under such sentence."

[3]Petitioner filed an appeal from the circuit court's May 19, 2016, order denying his first habeas petition on June 22, 2016. On February 2, 2017, petitioner filed a motion to withdraw that appeal. By order entered on March 6, 2017, this Court granted the motion and removed the appeal from its docket.

Petitioner now appeals the circuit court's October 9, 2019, order dismissing the instant habeas petition. This Court reviews a circuit court order dismissing a petition for a writ of habeas corpus under the following standard:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *Anstey v. Ballard*, 237 W. Va. 411, 787 S.E.2d 864 (2016). Furthermore,

> "'[a] court having jurisdiction over habeas corpus proceedings may deny a petition for a writ of habeas corpus without a hearing and without appointing counsel for the petitioner if the petition, exhibits, affidavits or other documentary evidence filed therewith show to such court's satisfaction that the petitioner is entitled to no relief.' Syllabus Point 1, *Perdue v. Coiner*, 156 W.Va. 467, 194 S.E.2d 657 (1973)." Syl. Pt. 2, *White v. Haines*, 215 W.Va. 698, 601 S.E.2d 18 (2004).

*Id.* at 412, 787 S.E.2d at 864, syl. pt. 3.

On appeal, petitioner argues that the circuit court erred in dismissing the instant petition. Respondent counters that the dismissal of the petition was proper. We agree with respondent. In *Losh v. McKenzie*, 166 W. Va. 762, 771, 277 S.E.2d 606, 612 (1981), we found that "[a] mere recitation of any of our enumerated grounds without detailed factual support does not justify the issuance of a writ, the appointment of counsel, and the holding of a hearing."[4] Here, petitioner alleged that numerous provisions of the United States and West Virginia Constitutions, such as the Due Process Clause and the Double Jeopardy Clause, were violated in the underlying criminal case. Upon our review of the petition, we find that petitioner's allegations are rambling and incoherent.[5] Therefore, we conclude that the circuit court did not abuse its discretion in dismissing the petition.

---

[4]In *Losh v. McKenzie*, 166 W. Va. 762, 277 S.E.2d 606 (1981), we compiled a nonexclusive list of frequently raised grounds for habeas relief. *Id.* at 768-70, 277 S.E.2d at 611-12.

[5]For example, petitioner argued that his right to due process of law was violated because he was "misadvised" as to the evidentiary value of the surveillance footage, from the 7-11 convenience store where he shot and wounded two individuals. Petitioner made this argument despite his admission that his attorney expressed concern that the footage "would have showcased petitioner's guilt." In another claim, petitioner seemingly argued that there was a violation of the Double Jeopardy Clause given "successive judgments" by the West Virginia Parole Board with regard to his lack of suitability to reenter into society.

For the foregoing reasons, we affirm the circuit court's October 9, 2019, order dismissing without prejudice the instant petition for a writ of habeas corpus.

Affirmed.

**ISSUED:**   February 2, 2021

**CONCURRED IN BY:**

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton